

2015 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2015

# Elizabeth Liggon-Redding v. Virtua Voorhees

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2015

Recommended Citation

"Elizabeth Liggon-Redding v. Virtua Voorhees" (2015). *2015 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2015/273

This March is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2015 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3629
_____

ELIZABETH LIGGON-REDDING,
                                                    Appellant

v.

VIRTUA VOORHEES; JANE DOE NURSE; LOIS
WOODCOCK; MARY EADLINE; SOCIAL WORKERS, et al.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-03139)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2015

Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 19, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Elizabeth Liggon-Reading is a frequent pro se litigant. In this case, she filed suit pro se against the Virtua Voorhees hospital in Voorhees, New Jersey, and several of its apparent employees. In her complaint, Liggon-Redding alleged that defendants committed medical malpractice by failing to diagnose a blocked artery in her heart, which required her to return to the hospital and receive intensive care for approximately two weeks. Liggon-Redding also appeared to allege that defendants discharged her to her home, instead of to a rehabilitation facility as directed by a doctor, and that a nurse ultimately "threw her out" and threatened to have her arrested for trespassing. Liggon-Redding claimed that defendants mistreated her because she is African-American.

The District Court granted Liggon-Redding leave to proceed in forma pauperis then dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because, inter alia, she failed to state plausible claims for relief under the Civil Rights Act of 1964 or for professional negligence under New Jersey law. In particular, the District Court concluded that Liggon-Redding pleaded only conclusory assertions of racial discrimination and negligence and failed to plead any facts suggesting plausible claims.

Liggon-Redding later moved for leave to file an amended complaint, which attached a proposed amended complaint, and for appointment of counsel. Liggon-Redding's proposed amended complaint did not cure the deficiencies identified in the

2

District Court's initial opinion, so the District Court denied her proposed amendment as futile, denied appointment of counsel, and dismissed her complaint with prejudice. Liggon-Redding appeals, and we have jurisdiction under 28 U.S.C. § 1291.[1]

We will affirm. We agree with the District Court that, for the reasons that it thoroughly and adequately explained, Liggon-Redding's complaint does not state a plausible claim for relief and that her proposed amended complaint does not cure those deficiencies. Liggon-Redding pleaded little more than conclusory assertions that do not state a plausible claim for either discrimination or malpractice, and her brief on appeal does little more than repeat those conclusory assertions. She argues, for example, that the District Court "insisted that Failure to Diagnose was Not Malpractice, when it was and is." (Appellant's Br. at 2.) The District Court, however, properly concluded only that Liggon-Redding pleaded nothing suggesting that the alleged failure to diagnose constituted malpractice in this case. Liggon-Redding also asserts that the District Judge was biased against her, but she has provided no support for that assertion and we discern none. Finally, because Liggon-Redding's filings do not suggest that her claims have potential merit, the District Court acted within its discretion in denying her motion for appointment of counsel on that basis. See Tabron, 6 F.3d at 155.

---

[1] Our review of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). We review for abuse of discretion both the District Court's denial of leave to amend, see Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014), and its denial of a motion for counsel, see Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

3

For these reasons, we will affirm the judgment of the District Court.[2]



---

[2] In reviewing Liggon-Redding's initial complaint, the District Court declined to consider documents attached thereto. Documents attached to a complaint may properly be considered at the pleading stage, see Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011), but the District Court's refusal to consider them was harmless because we have done so and they do not provide further support for Liggon-Redding's claims.